## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KNOLL, INC.,  AND | : | |
| FORMWAY FURNITURE LIMITED | : | |
| | : | CIVIL ACTION NO. _____ |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| HNI CORPORATION AND | : | |
| ALLSTEEL, INC. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

1.      Plaintiffs Knoll, Inc. ("Knoll") and Formway Furniture Limited ("Formway") (collectively referred to as "Plaintiffs") by and through its undersigned counsel hereby assert their Complaint against Defendants HNI Corporation ("HNI") and Allsteel, Inc. ("Allsteel") (collectively referred to herein as "Defendants") and hereby alleges as follows:

## NATURE OF THE ACTION

2.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

3.      Knoll is a corporation organized under the laws of the State of Delaware with a place of business at 1235 Water St., East Greenville, Pennsylvania 18041.

4.      Knoll does business in Pennsylvania and the Eastern District of Pennsylvania.

5.      Formway is a corporation organized under the laws of New Zealand with a place of business at 43b Seaview Road, Seaview, Lower Hutt. 5010 New Zealand.

6.     Formway is the owner of U.S. Patent No. D638,232, a true and correct copy of which is attached hereto as Exhibit A.

7.     HNI Corp. (also referred to as "HNI") does business in Pennsylvania and in the Eastern District of Pennsylvania.  HNI has a place of business at 600 East Second Street, Muscatine, Iowa 52761.

8.     HNI offers for sale, sells, distributes, makes, and/or imports office furniture into the United States, in Pennsylvania, and this judicial district.

9.     HNI has personnel located in Pennsylvania and in the Eastern District of Pennsylvania who are responsible for regularly working in Pennsylvania and in this judicial district.

10.     HNI has and/or operates at least one place of business located in Pennsylvania and at least one place of business in this judicial district from which its personnel regularly conducts business in this judicial district.

11.     For example, Elizabeth C. Guillory, Vice President of HNI Strategic Accounts, is located in the Philadelphia region, works in the Philadelphia region, and is responsible for the marketing, pricing, distribution, and strategic direction across all markets and furniture brands of HNI.  These furniture brands include the Allsteel brand.  (Elizabeth C. Guillory public Linkedin Profile, a printout of which is attached hereto as Exhibit B).  Ms. Guillory works on behalf of HNI at an HNI location within Pennsylvania and this judicial district to provide strategic direction on behalf of HNI that is to be implemented by HNI's furniture operating divisions, which includes Allsteel.  (Ex. B).

12.     HNI personnel include Dena Hlatky, who is the Group Human Resources Manager at HNI and is located in the greater Philadelphia area.  Ms. Hlatky works on behalf of

2

HNI at an HNI location located within Pennsylvania.  (Dena Hlatky public Linkedin Profile, a printout of which is attached hereto as Exhibit C).  The work that Ms. Hlatky performs for HNI includes human resources related work that helps support HNI's Fireside Hearth and Home brand.  On information and belief, Ms. Hlatky works on behalf of HNI  to serve as a strategic business partner to the senior vice president of HNI's Fireside Hearth and Home division to facilitate this operating divisions operational goals and needs.  (Ex. C).

13.     On information and belief, HNI at least has managerial personnel located in this judicial district and in Pennsylvania that are responsible for HNI business operations in this judicial district and engage in business operations and services on behalf of HNI in this judicial district.

14.     The work performed by HNI personnel in Pennsylvania and in this judicial district are performed in a steady, uniform, orderly, and methodical manner in connection with HNI's operations.  Further, the HNI personnel, which includes at least Ms. Hlatky and Ms. Guillory, are performed at one or more HNI places of business located in Pennsylvania.  At least one such place of business is also within this judicial district.

15.     On information and belief, HNI offers for sale, sells, distributes, makes, and/or imports office furniture into the United States, Pennsylvania, and this judicial district.

16.     Allsteel, Inc. (also referred to herein as "Allsteel") is an operating unit of HNI.  Allsteel has a place of business at 2210 Second Avenue, Muscatine, Iowa 52761.

17.     Allsteel does business in Pennsylvania and in the Eastern District of Pennsylvania.

18.     Allsteel has personnel located in Pennsylvania and in the Eastern District of Pennsylvania who are responsible for regularly working in this judicial district.

19.     Allsteel has and/or operates at least one place of business located in Pennsylvania and at least one place of business in this judicial district from which its personnel regularly conducts business in Pennsylvania and in this judicial district.

20.     For example, Allsteel at least has business development managers who are located in Pennsylvania and in this judicial district that are responsible for Allsteel business operations in Pennsylvania and in this judicial district and engage in business operations and services on behalf of Allsteel in Pennsylvania and in this judicial district.

21.     Allsteel personnel, which include at least its business development manager personnel, engage in regular and continuous business operations in Pennsylvania and in this judicial district that includes facilitating corporate relationships Allsteel has with its customers in this judicial district, assisting customers in identifying ways Allsteel's products and services meet their customers' office furniture needs consistent with Allsteel's corporate objectives. Allsteel personnel conduct these operations on behalf of Allsteel as a representative, employee, and agent of Allsteel and HNI.

22.     Allsteel advises its customers and potential customers to utilize their business development mangers located in Pennsylvania and this judicial district to obtain Allsteel's products and/or services.

23.     Allsteel offers for sale, sells, distributes, makes, and/or imports office furniture into the United States and this judicial district.

## JURISDICTION AND VENUE

24.     This is an action for patent infringement arising under the Patent laws of the United States, Title 35 of the United States Code.

25.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

26.     Defendants have and are engaged in business in Pennsylvania and the Eastern District of Pennsylvania, including advertising and offering to sell their infringing Lyric Multi-Purpose chairs in this judicial district, shipping said chairs directly or indirectly into or through Pennsylvania, including through this judicial district, and having sold and/or participated in the sale of said chairs in this judicial district.

27.     Defendants directly and/or through their coordinated distribution network regularly place their Lyric Multi-Purpose chairs in the stream of commerce with the knowledge and/or understanding that such products will be sold and used in this judicial district. Defendants are subject to the general jurisdiction of this Court because they have regular and systemic contacts with this forum such that the exercise of jurisdiction over it will not offend the traditional notions of fair play and substantial justice.

28.     Further, this Court has personal jurisdiction over Defendants because Defendants have established minimum contacts with the forum such that the exercise of personal jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

29.     In addition, this Court has personal jurisdiction over Defendants because Defendants have knowingly and actively engaged in acts that have infringed and will infringe and/or contribute, induce, aid, and/or abet the direct infringement of claims of the U.S. Patent No. D638,232 in this judicial district.

30.     Venue is proper pursuant to 28 U.S.C. § 1400(b) because Defendants have committed acts of infringement in this judicial district, do business in this judicial District, and

have at least one regular and established place of business in Pennsylvania. *See e.g. In re Cray Inc.* 2017 WL 4201535, *5-6,  -- F.3d -- (Fed. Cir. 2017).

31.     For example, as alleged herein, each of Defendants have at least one physical, geographical location in Pennsylvania and at least one physical geographical location in this judicial district from which the business of the Defendants is carried out.   For each Defendant, the place of business is a regular and established place of business in which the Defendant operates in a steady, uniform, orderly, and methodical manner in connection with their operations in Pennsylvania.  Further, each of the Defendants' place of business in Pennsylvania (including the location(s) in this judicial district) is a place of business of the Defendant.

## FACTUAL BACKGROUND

32.     Knoll develops, sells, markets, and supports furniture, including office furniture. Knoll is famous throughout the world for its design and development of furniture, which includes iconic chairs such as Knoll's Barcelona chair, the Womb chair, and many other iconic, well known articles of furniture.

33.     Formway has been designing furniture for more than five decades. Formway's designs are informed by insight gained through the observation and consideration of human behavior.

34.     Formway owns U.S. Design Patent No. D638,232 ("the '232 Patent"), which lawfully issued on May 24, 2011.  This patent is also referred to herein as "the Patent-in-Suit".

35.     Knoll has an exclusive license to the '232 Patent.  Under its license with Formway, Knoll makes and sells its MultiGeneration by Knoll® chair throughout the U.S.

36.     Formway worked with Knoll to design the MultiGeneration by Knoll® chair for manufacture, distribution and sale of this chair.

37.     An illustrative picture of a MultiGeneration by Knoll® chair having armrests is shown below:



38.     The MultiGeneration by Knoll® chair is also sold having castors at the ends of the legs of the chairs.  An illustrative picture of this chair made and sold by Knoll is shown below:





39.     An  illustrative picture of a group of stacked MultiGeneration by Knoll® chairs is shown below:



40.     The MultiGeneration by Knoll® chair is also made and sold without armrests. Below is an illustrative picture of one such a version of a MultiGeneration by Knoll® chair:



41.     HNI is a developer, manufacturer, distributor, and importer of a wide variety of furniture products, including chairs.

42.     HNI and its operating division Allsteel makes and sells a newly introduced line of Lyric chairs.

43.     The Lyric chairs include a chair called the "Lyric Multi-Purpose" chair.  This chair was included in an exhibit in the Allsteel showroom at the trade show referred to as NeoCon that took place in the Chicago Merchandise Mart located in Chicago, Illinois on June 12, 2017 to June 14, 2017.

44.     Below is an image of a Lyric Multi-Purpose chair having castors:



45.     Below is an image of the Lyric Multi-Purpose chair that does not have castors:



46.     The Lyric Multi-Purpose chair looks almost identical to the MultiGeneration by Knoll® chair, as can be appreciated from the below comparisons:

| Lyric Multi-Purpose Chair | MultiGeneration by Knoll® Chair |
|---|---|
|  |  |
|  |  |

47.    The below table provides a comparison of the Lyric Multi-Purpose chair and the ornamental appearance of the Formway design protected by the '232 Patent:



| Lyric Multi-Purpose Chair | U.S. Design Pat. No. D638,232 |

48.    The Lyric Multi-Purpose chair has an ornamental appearance that is almost identical to the ornamental appearance of the design shown, described and claimed in the '232 Patent.

49.    Consumers of chairs are likely to be confused into thinking that the Lyric Multi-Purpose chair is the chair shown, described, and claimed in the '232 Patent.

50.    An ordinary observer, familiar with prior art to the '232 Patent, would be deceived into thinking that the Lyric Multi-Purpose chair was the same as the patented design claimed in the '232 Patent. *Egyptian Goddess, Inc. v. Swisa, Inc.* 543 F.3d 665, 677-78 (Fed. Cir. 2008).

51.    The Lyric Multi-Purpose chair is advertised, marketed, and offered for sale by Allsteel and HNI in Pennsylvania, this judicial district and throughout the United States. (*See e.g.* http://www.allsteeloffice.com/products/seating/conference/Lyric*)

52.    For example, on information and belief Allsteel and HNI offer to sell, sell, offer to distribute, and distribute the Lyric Multi-Purpose chair to the following dealers located in Pennsylvania:

a. Benjamin Roberts LTD, 240 North Prince St., Lancaster, PA 17603,

b. Business Interiors by Staples-Philadelphia, 100 Springbrooke Blvd., Aston, PA 19014,

c. Cofco Group, 2200 N. American St., Philadelphia, PA 19133,

d. Nittany Office Equipment, 1207 S. Atherton State College, PA 16801,

e. Office Service Company, 1009 Tuckerton Court, Reading, PA 19603,

f. Office Basics, 22 Creek Circle, Boothwyn, PA 08057,

g. Office Service Company, 1009 Tuckerton Court, Reading, PA 19603

h. Stone Office Equipment, 321 Pear Street, Scranton, PA 18505 ,

i. W B Mason Company – Allentown, 754 Roble Rd. Suite 180, Allentown, PA 18109,  and

j.  W B Mason Company – Philadelphia, 1819 John F. Kennedy Blvd.,

Suite 226, Philadelphia, PA 19103.

53.     Additionally, Allsteel and HNI hold out the following personnel as their personnel

located in Pennsylvania and in this judicial district that offer to sell, sell, offer to distribute, and

distribute, furniture that includes the Lyric Multi-Purpose chair:

a.  Lynne Frame, Business Development Manager responsible for

Philadelphia region, and

b.  Raelene McCarthy, Market Development Manager responsible for

Philadelphia region.

54.     Raelene McCarthy is employed by Allsteel and operates out of a physical,

geographic property located in the Philadelphia Pennsylvania region.  Raelene McCarthy works

in Philadelphia, Pennsylvania and regularly conducts business on behalf of Allsteel and HNI as

their business development manager in a steady, uniform, orderly, and methodical manner.

55.     Raelene McCarthy is "currently a Business Development Manager for Allsteel, a

premier office furniture manufacturer based in Muscatine, Iowa. Allsteel is an operating unit of

the HNI Corporation, one of the largest and most financially sound companies in the industry.

[Her] role as Business Development Manager is to facilitate the corporate relationship. [She]

assist[s] customers in identifying specific solutions, consistent with their corporate objectives.

By carefully listening to specific needs, we are equipped to offer solutions that assist in

managing all office furniture assets." -- (Linkedin Profile for Raelene McCarthy, a printout of

which is attached hereto as Exhibit D).

56.     Allsteel and Raelene McCarthy publicly advises their customers and prospective

customers that  Raelene McCarthy is an employee of Allsteel and Raelene McCarthy operates

14

from a physical location in the Philadelphia, Pennsylvania area that is a physical location of Allsteel's business operations in this judicial district.—(Dealer And Sales Representative Locator of Allsteel website, a printout of which is attached hereto as Exhibit E, Ex. D).

57.     In fact, Allsteel specifically identifies their Philadelphia office location in its Dealer and Sales Representative Locator and directs customers and potential customers to Lynne Frame and Raelene McCarthy as their personnel located in the Philadelphia region that work out of their physical location in this judicial district and are responsible for providing business services in the Philadelphia region.  Allsteel holds these employees and their location in Philadelphia out as Allsteel's place of regular and established business in the Philadelphia region.  (*See e.g.* Ex. E).

58.     Allsteel and Lynne Frame publicly advises customers and potential customers that Lynne Frame is an employee of Allsteel and operates from a physical location in the Philadelphia, Pennsylvania area that is a physical location of Allsteel's business operations in this judicial district.-- (Ex. E, *see also* Linkedin Profile for Lynne Frame, a printout of which is attached hereto as Exhibit F).

59.     Lynne Frame performs her business development manager duties on behalf of Allsteel in this judicial district in a steady, uniform, orderly, and methodical manner.

60.     These operations include working out of a physical location in this judicial district on behalf of Allsteel, using Allsteel property within this judicial district in connection with facilitating the corporate relationships of Allsteel, and identifying specific Allsteel solutions that meet customer needs consistent with Allsteel and HNI corporate objectives.  This work is performed on behalf of Allsteel and HNI in a steady, uniform, orderly, and methodical manner in this judicial district that utilizes Allsteel and HNI property in this judicial district.

61.     HNI personnel are also actively involved in work regularly and continuously performed in this judicial district at an HNI location within this judicial district.  For example, Elizabeth C. Guillory, Vice President of HNI Strategic Accounts, is located in the Philadelphia region and is responsible for the marketing, pricing, distribution, and strategic direction across all markets and furniture brands of HNI.  These furniture brands include the Allsteel brand.  (Ex. B).

62.     Ms. Guillory works on behalf of HNI at an HNI location within Pennsylvania in the greater Philadelphia area within this judicial district to provide strategic direction on behalf of HNI that is to be implemented by HNI's furniture operating divisions, which includes Allsteel. (Ex. B).

63.     The work performed by Ms. Guillory as an employee and officer of HNI regularly occurs in Pennsylvania and in this judicial district and is performed in a steady, uniform, orderly, and methodical manner in connection with HNI's operations at an HNI location within this judicial district.

64.     Ms. Guillory oversees Allsteel's operations, sets strategic direction for Allsteel, develops the pricing, marketing and distribution strategies for Allsteel, and, on information and belief, Allsteel personnel directly report to Ms. Guillory.

65.     On information and belief, HNI, controls activities of Allsteel, including Allsteel's operational strategies and objectives.

66.     On information and belief, HNI and Allsteel coordinate their activities relating to the making, marketing, distribution, importing, offering for sale, and/or sale of office furniture and the Lyric Multi-Purpose chair.

67.     On information and belief, HNI and Allsteel communicate with each other in connection with the making, distribution, importing, marketing, offering for sale, and/or sale of office furniture and the Lyric Multi-Purpose chair.

68.     On information and belief, HNI and Allsteel collaborate with each other in connection with the making, distribution, marketing, offering for sale, and/or sale of furniture that includes the Lyric Multi-Purpose chair and services that they offer relating to this furniture.

69.     On information and belief, HNI and its operating division, Allsteel, operate as an integrated enterprise, to make, distribute, and sell furniture including the Lyric Multi-Purpose chair throughout the United States and in this judicial district.

70.     On information and belief, HNI personnel located within Pennsylvania include Dena Hlatky, who is the Group Human Resources Manager at HNI and works in Pennsylvania on behalf of HNI at an HNI location within Pennsylvania.  (Ex. C).

71.     On information and belief, Ms. Hlatky is a director level employee of HNI.  (Ex. C).  The work that Ms. Hlatky performs for HNI includes human resources related work that helps support HNI's Fireside Hearth and Home brand.  Ms. Hlatky works on behalf of HNI  to serve as a strategic business partner to the senior vice president of HNI's Fireside Hearth and Home division to facilitate this operating division's operational goals and needs.  (Ex. C).

72.     The work performed by Ms. Hlatky as an employee and manager of HNI regularly occurs in Pennsylvania and is performed in a steady, uniform, orderly, and methodical manner in connection with HNI's operations at an HNI location within Pennsylvania.

73.     At least through the regular and continuous business activities of employees (e.g. mangers and officers) Elizabeth C. Guillory, Lynne Frame, and Raelene McCarthy, Allsteel and HNI have at least one physical location in Pennsylvania and at least one physical location in this

judicial district by which Allsteel and HNI engage in regular and continuous business in this judicial district that relate to the offering of sale, and sale of furniture (e.g office chairs, the Lyric Multi-Purpose chair, etc.).

74.     At least through the regular and continuous business activities of employees, managers, and officers who include at least Elizabeth C. Guillory, Dena Hlatky, Lynne Frame and Raelene McCarthy that take place in the state of Pennsylvania and in this judicial district, Allsteel and HNI have at least one physical location located in Pennsylvania and this judicial district via which Allsteel and HNI engage in regular and continuous business in Pennsylvania and in this judicial district.  Each place of business is a regular and established place of business in which the Defendants operate in a steady, uniform, orderly, and methodical manner in connection with their operations and Defendants specifically hold each location out to customers and potential customers as their place of business.  (Ex. B, Ex. C, Ex. D, Ex. E, Ex. F).

75.     On information and belief, the regular and continuous business activities that take place in Pennsylvania and in this judicial district are based out of Defendants' physical locations in Pennsylvania and within this judicial district.  These regular and continuous business activities include making sales calls, having business meetings, showing samples of new products, distribution of product literature and corporate literature, developing business, pricing, marketing, and distribution strategies, overseeing implementation of the developed business, developing marketing, pricing, and distribution strategies, and performing other work in connection with supporting the Defendants' products and dealers located within this judicial district.  This regular and continuous work is performed in a steady, uniform, orderly, and methodical manner in support of HNI business objectives, HNI operating division operations,

dealer contractual arrangements Allsteel and HNI have with their dealers and contractual

arrangements HNI and Allsteel have with corporate customers in connection with the sale and

distribution of their furniture products in this judicial district and throughout Pennsylvania and

the United States.  The work is performed by Allsteel and HNI managerial personnel,

employees and agents in this judicial district (who include at least Elizabeth Guillory, Lynne

Frame and Raelene McCarthy) and  include utilization of Allsteel and HNI property, sales

literature, and other materials owned by Allsteel and other materials owned by HNI.   On

information and belief, this work is regularly and continuously performed in Pennsylvania and

in this judicial district consistent with the corporate policies and procedures of Allsteel and

HNI.

### THE '232 PATENT AND DEFENDANTS' KNOWLEDGE OF THIS PATENT

76.    On May 24, 2011, the '232 Patent entitled "CHAIR" was duly and legally issued

by the United States Patent and Trademark Office.

77.    A true and correct copy of the '232 Patent is attached as Exhibit A to this

Complaint.

78.    Formway is the assignee and owner of the right, title, and interest in and to the

'232 Patent.  Knoll is the exclusive licensee to the '232 Patent.

79.    The '232 Patent has a single claim that says "The ornamental design for a chair,

as shown and described" and includes a description that states "The broken line showing of

components is for the purpose of illustrating environmental structure and forms no part of the

claimed design."

80.    Knoll practices the claimed invention of the '232 Patent by making and selling its

MultiGeneration by Knoll® chairs.

81.     Knoll also marks its MultiGeneration by Knoll® chairs that are covered by the '232 Patent with the '232 Patent to give public notice that the '232 Patent covers the MultiGeneration by Knoll® chair design.

82.     HNI and Allsteel had knowledge of the '232 Patent at least through Knoll's marking of its MultiGeneration by Knoll® chairs.

83.     HNI and Allsteel also had actual knowledge of the '232 Patent during development of the Lyric Multi-Purpose Chair.

84.     Allsteel knew the '232 Patent protected Knoll's MultiGeneration chair before the Lyric Multi-Purpose chair was included in an exhibit at the NeoCon tradeshow in June of 2017.

85.     HNI knew the '232 Patent protected the MultiGeneration by Knoll®  chair before the Lyric Multi-Purpose chair was shown at NeoCon in June of 2017.

86.     On information and belief, Allsteel and HNI designed the Lyric Multi-Purpose chair to mimic the design of the MultiGeneration by Knoll® chair to develop, make, and sell a chair that would compete with the MultiGeneration by Knoll® chair so that the Lyric Multi-Purpose chair would have the same look as the MultiGeneration by Knoll® chair but would have a lower price point for competition with the MultiGeneration by Knoll® chair.  On information and belief, these actions were done to try and take market share away from Knoll's MultiGeneration by Knoll® chair with a chair that had substantially the same ornamental appearance as Knoll's MultiGeneration by Knoll® chair.

87.     HNI and Allsteel have continued to offer to sell, make and sell its Lyric Multi-Purpose chair knowing that this chair infringes the '232 Patent.

88.     HNI and Allsteel have each willfully, deliberately, and intentionally continued to infringe the claim of the '232 Patent at least by using, offering to sell, selling, distributing,

offering to distribute, and making its Lyric Multi-Purpose chair in reckless disregard of the claim of the '232 Patent.

89.      HNI and Allsteel's infringement of the '232 Patent has created irreparable injury to Plaintiffs.

## COUNT I: INFRINGEMENT OF THE '232 PATENT

90.      Plaintiffs restate and reallege the foregoing allegations as if fully stated herein.

91.      In violation of 35 U.S.C. § 271(a), Defendants have directly and continue to directly infringe, both literally and under the doctrine of equivalents, the '232 Patent by making, using, offering for sale, selling, distributing and/or importing the chairs that practice and therefore infringe the subject matter in the claim of the '232 Patent throughout the United States and within this judicial district without authority of Knoll or Formway.

92.      In violation of 35 U.S.C. § 271(b) and (c) Defendants have indirectly infringed and continues to indirectly infringe the claim of the '232, within this judicial district  and throughout the United States without authority of Knoll and without authority of Formway by actively inducing its customers' infringement of the '232 Patent with knowledge of the '232 Patent and by contributing to the infringement of such patent by selling at least the Lyric Multi-Purpose chair to customers for their possession and use.

93.      The Lyric Multi-Purpose chair infringes the claim of the '232 Patent.  This chair is made, marketed, distributed, sold and/or offered for sale by Defendants throughout the United States and in this judicial district.  This chair include each and every feature of the claim of the '232 Patent.

94.    For example, the below table provides a comparison of the Lyric Multi-Purpose chair and the ornamental appearance of the Formway design protected by the '232 Patent:



| Lyric Multi-Purpose Chair | U.S. Design Pat. No. D638,232 |
|---|---|

95.    The Lyric Multi-Purpose chair has an ornamental appearance that is almost identical to the ornamental appearance of the chair design shown, described and claimed in the '232 Patent.

96.     Consumers of chairs are likely to be confused into thinking that the Lyric Multi-Purpose chair is the chair shown, described, and claimed in the '232 Patent.

97.     An ordinary observer, familiar with prior art to the '232 Patent, would be deceived into thinking that the Lyric Multi-Purpose chair was the same as the patented design claimed in the '232 Patent. *Egyptian Goddess, Inc. v. Swisa, Inc.* 543 F.3d 665, 677-78 (Fed. Cir. 2008).

98.     Plaintiffs have been, and continue to be, damaged and irreparably harmed by Defendants' infringement, which will continue unless the Court enjoins that infringement and for which there is no adequate remedy at law.

99.     Plaintiffs under 35 U.S.C. §§ 284 and/or 289, are entitled to recover damages adequate to compensate for Defendants' infringement.

100.    The infringement of the '232 Patent by Defendants have been, and continues to be, deliberate, willful, and knowing.

101.    The Court should declare this an exceptional case under 35 § U.S.C. 285, entitling Plaintiffs to recover treble damages and attorneys' fees.

102.    Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to Defendants of their infringement of the '232 Patent.

## DEMAND FOR JURY TRIAL

103.    Plaintiffs demand a trial by jury under Rules 38 and 39 of the Federal Rules of Civil Procedure for all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant the relief requested in the Prayer for Relief below.

(a)     That Defendants be adjudged to have infringed, contributed to, and/or induced the infringement of the claim of the '232 Patent;

23

(b)      That Defendants' be adjudged to have engaged in willful infringement of the '232 Patent;

(c)      That Plaintiffs be awarded damages for infringement of the '232 Patent, including damages adequate to compensate Plaintiffs for Defendants' past infringement of the '232 Patent including lost profits, Defendants' profits, a reasonable royalty, or other monetary relief available under 35 U.S.C. §§ 284 and/or 289 and for any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those not presented at trial (35 U.S.C. §§ 284 and 289);

(d)      That Defendants pay an ongoing royalty in an amount to be determined for any continued infringement of the '232 Patent after the date the judgment is ordered;

(e)      That this case be declared an exceptional case under 35 U.S.C. § 285;

(f)      That Plaintiffs' damages be trebled pursuant to 35 U.S.C. § 284;

(g)      That Plaintiffs' be awarded its attorneys' fees and costs pursuant to 35 U.S.C. § 285;

(h)      That this Court permanently enjoin Defendants, their officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all that are in active concert or participation with Defendants, or any of them, from further infringement of the '232 Patent and that Defendant be permanently enjoined from infringing the '232 Patent and from making, using, selling, offering to sell, or distributing the Defendants' infringing chairs;

(i)      That Plaintiffs be awarded pre- and post-judgment interest on all damages;

(j)      That Plaintiffs be awarded all its costs and expenses in this action; and

(k)     That Plaintiffs be awarded such further and other relief as the Court may deem just and proper.

Respectfully submitted,

By:_____

Dated: January 3, 2018

Samuel Braver
samuel.braver@bipc.com
Ralph G. Fischer
ralph.fischer@bipc.com
(*pro hac vice pending*)
**Buchanan Ingersoll & Rooney PC**
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Tel: (412) 392-2121/562-1696

*Attorneys for Plaintiffs, Knoll, Inc. and Formway Furniture Limited*